## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID Nos. 1705020317, |
| | ) | 1710004850 |
| MICHAEL L. HICKMAN, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: September 29, 2020
Date Decided: October 22, 2020

## ORDER

Upon consideration of Defendant's Motion for Modification of Sentence ("Motion"),[1] Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT**:

1.     On May 29, 2017, Defendant was charged with one count of Driving Under the Influence ("DUI") - Fifth Offense.[2]  The Court instructed Defendant by summons to appear on July 7, 2017 for arraignment.[3]  Defendant failed to appear, and the Court order issued a capias.[4]

2.     On October 8, 2017, Defendant was charged with a second count of DUI – Fifth Offense.[5]  On November 27, 2017, the Court issued a Rule 9 warrant in

---

[1] ID No. 1705020317, D.I. 17; ID No. 1710004850, D.I. 18. Though Defendant styled his Motion as a Motion for Modification of Sentence, the Court considers it a Motion to Receive Credit for Time Previously Served.
[2] ID No. 1705020317, D.I. 3.
[3] *Id.*
[4] ID No. 1705020317, D.I. 4.
[5] ID No. 1710004850, D.I. 4.

connection with this second DUI.[6] On December 5, 2017, the Court sent Defendant a summons to appear on December 15, 2017 for arraignment for his second DUI.[7] On December 13, 2017, the summons was returned to the Court as "Not Deliverable as Addressed."[8]

3.  Two years later, on December 3, 2019, the State of Delaware sought to extradite Defendant from Maryland pursuant to the Interstate Agreement on Detainers.[9]

4.  On January 14, 2020, Defendant was arraigned in this Court for the two counts of DUI - Fifth Offense that he had been charged with in 2017.[10]

5.  On March 9, 2020, Defendant pled guilty to both counts of DUI - Fifth Offense.[11] By Order dated March 9, 2020, effective March 9, 2020, Defendant was sentenced as follows: for the first count of DUI - Fifth Offense, IN17-06-1009, 4 years at Level V, suspended after 18 months at Level V, for 6 months at Level IV (DOC Discretion), followed by 6 months at Level III; and for the second count of DUI - Fifth Offense, IN17-11-1171-W, 4 years at Level V, suspended after 18

---

[6] ID No. 1710004850, D.I. 3.
[7] ID No. 1710004850, D.I. 4.
[8] ID No. 1710004850, D.I. 5.
[9] ID No. 1705020317, D.I. 9; ID No. 1710004850, D.I. 12; *see also* ID No. 1705020317, D.I. 19; ID No. 1710004850, D.I. 20 ("[T]he State of Delaware sought to return Defendant to Delaware to answer for his charges in [the above-captioned] cases pursuant to the interstate agreement on detainers."). Defendant was held in Maryland from May 24 to August 21, 2019.
[10] *See* ID No. 1705020317, D.I. 7; ID No. 1710004850, D.I. 8.
[11] ID No. 1705020317, D.I. 11; ID No. 1710004850, D.I. 13.

months at Level V, for 1 year at Level III.[12]

6. On August 13, 2019, Defendant filed the instant Motion.[13] He asks the Court to credit the time he was held in Maryland (May 24 to August 21, 2019) against the sentence the Court imposed on March 9, 2020.[14] With his Motion, Defendant included a Case Summary apparently produced by the District Court of Maryland for Kent County.[15] The Maryland Case Summary identifies "Fugitive from Justice - DE" as the offense involved and names Defendant as the defendant.[16] The Case Summary also shows that this fugitive case was initiated in the Maryland court on May 24, 2019 and was closed on August 21, 2019.[17] The last substantive event listed in the Case Summary is "Release from Commitment" and is dated August 21, 2019.[18]

7. On September 29, 2019, the State responded to Defendant's Motion.[19] The State attached an Amended Commitment Record from the District Court of Maryland for Kent County.[20] In its response, the State argues:

> Defendant claims that he is entitled to credit time on his Delaware convictions in [the above-captioned cases] because he was incarcerated in Maryland for these Delaware charges before he returned to

---

[12] ID No. 1705020317, D.I. 14; ID No. 1710004850, D.I. 14.
[13] ID No. 1705020317, D.I. 17; ID No. 1710004850, D.I. 18.
[14] ID No. 1705020317, D.I. 17; ID No. 1710004850, D.I. 18.
[15] ID No. 1705020317, D.I. 17; ID No. 1710004850, D.I. 18.
[16] ID No. 1705020317, D.I. 17; ID No. 1710004850, D.I. 18.
[17] ID No. 1705020317, D.I. 17; ID No. 1710004850, D.I. 18.
[18] ID No. 1705020317, D.I. 17; ID No. 1710004850, D.I. 18.
[19] ID No. 1705020317, D.I. 19; ID No. 1710004850, D.I. 20.
[20] ID No. 1705020317, D.I. 19; ID No. 1710004850, D.I. 20.

Delaware. However, throughout the time Defendant was incarcerated in Maryland, he was serving a sentence for a Maryland conviction, and he is not entitled to any additional credit time for his Delaware convictions.[21]

The State disagrees with Defendant that he was incarcerated in Maryland for his Delaware charges. Rather, according to the State, "Defendant was sentenced to a term of incarceration in Maryland for a Maryland conviction, *Attempt by Driver to Elude Police*."[22] The Amended Commitment Record from Maryland shows that Defendant had indeed been found guilty of Attempt by Driver to Elude Police in Official Police Vehicle by Failing to Stop ("Attempt by Driver to Elude Police"). The record also shows that the Maryland court sentenced Defendant for that charge on October 9, 2019.[23]

8.      In sum, the parties' disagreement turns on the answer to this question: when Defendant was being held in Maryland from May 24 to August 21, 2019, was he being held for the charge of Fugitive from Justice - DE (as Defendant argues) or for the charge of Attempt by Driver to Elude Police (as the State argues)? If Defendant is correct, he should be credited time against his Delaware DUI sentence because the Fugitive from Justice - DE charge relates to the Delaware DUI charges.[24]

---

[21] ID No. 1705020317, D.I. 19; ID No. 1710004850, D.I. 20.

[22] ID No. 1705020317, D.I. 19; ID No. 1710004850, D.I. 20 (emphasis added) (citing Amended Commitment Record).

[23] ID No. 1705020317, D.I. 19; ID No. 1710004850, D.I. 20.

[24] Although nothing in the record definitively shows that Defendant was a fugitive from justice, Defendant failed to attend the arraignments for his DUI charges, prompting the State to seek Defendant's extradition.

But if the State is correct, Defendant should not receive any credit time against his DUI sentence because he was being held in Maryland on the Attempt by Driver to Elude Police charge.

9. The Case Summary expressly states that Defendant was being held in Maryland from May 24 to August 21, 2019 for the charge of "Fugitive from Justice - DE." Accordingly, the Court will credit the 89 days that Defendant served in Maryland against his sentence in IN17-06-1009.[25]

**NOW, THEREFORE,** for the foregoing reasons, Defendant's Rule 35 Motion is **GRANTED**.

*Jan R. Jurden*

_____
Jan R. Jurden, President Judge

Original to Prothonotary:

cc:   William Raisis, DAG
      Michael L. Hickman (SBI# 00669931)

---

[25] In his Motion, Defendant states that there are 88 days between May 24 and August 21, 2019. ID No. 1705020317, D.I. 17; ID No. 1710004850, D.I. 18. The Court notes that there are 89 days.